**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br>        Plaintiff,<br><br>v.<br><br>HTC CORPORATION, et al.,<br>        Defendants. | **Civil Action No. 6:16-cv-363**<br><br>**CONSOLIDATED LEAD CASE** |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br>        Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, et al.,<br>        Defendants. | **Civil Action No. 6:16-cv-375** |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further

order of this Court:

| | |
|---|---|
| **3 DAYS after conclusion of Trial** | Parties to file **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>**EXHIBITS: See Order Regarding Exhibits below.** |
| **January 14, 2019**<br><br>**To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL before Judge K. Nicole Mitchell, 211 W. Ferguson St., 3ʳᵈ Floor, Tyler, Texas.**<br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |

| | |
|---|---|
| **January 14, 2019**<br><br>**To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION before Judge K. Nicole Mitchell, 211 W. Ferguson St., Tyler, Texas.** |
| **January 9, 2019**<br><br>**To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE before Judge K. Nicole Mitchell, 211 W. Ferguson St., Rm. 353, Tyler, Texas.**<br><br>Discuss trial logistics and *voir dire* procedure.  Resolve any pending motions or objections.<br><br>Lead trial counsel must attend the pretrial conference. |
| December 14, 2018 | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
| December 14, 2018 | **File Responses to Motions *in Limine*.** |
| December 7, 2018 | **File Motions *in Limine* and pretrial objections.**<br><br>The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine* or objection to pretrial disclosures. |
| December 7, 2018 | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| November 30, 2018 | **Exchange Objections to Rebuttal Deposition Testimony.** |
| November 16, 2018 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |

| | |
|---|---|
| November 16, 2018 | **Exchange Rebuttal Designations and Objections to Deposition Testimony.**<br><br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| November 2, 2018 | **Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof.**<br><br>Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| **July 18, 2018**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. HEARING ON ANY REMAINING DISPOSITIVE MOTIONS (INCLUDING *DAUBERT* MOTIONS) before Judge K. Nicole Mitchell, 211 W. Ferguson St., Rm. 353, Tyler, Texas.** |
| July 9, 2018 | **Sur-replies to Dispositive Motions due (including *Daubert* motions).** |
| July 2, 2018 | **Replies to Dispositive Motions due (including *Daubert* motions).** |
| June 25, 2018 | **Responses to Dispositive Motions due (including *Daubert* motions).** |
| June 8, 2018<br><br>Court designated date – not flexible without good cause – Motion Required | **Any Remaining Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.  Exceptional circumstances require more than agreement among the parties.</u> |
| June 1, 2018 | **Parties to Identify Rebuttal Trial Witnesses.** |
| May 25, 2018 | **Parties to Identify Trial Witnesses.** |
| May 18, 2018 | **Expert Discovery Deadline.** |

| | |
|---|---|
| April 28, 2018 | **Parties designate rebuttal expert witnesses (non-construction issues), rebuttal expert witness reports due.  Refer to Local Rules for required information.**<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| April 5, 2018 | **Final Election of Asserted Prior Art.** |
| March 28, 2018 | **Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information.** |
| March 28, 2018 | **Fact discovery deadline.** |
| March 23, 2018 (or earliest day thereafter available for the Court) | **9:00 a.m. Claim Construction Hearing (P.L.R. 4-6)** |
| March 16, 2018 | **Deadline to file claim construction chart (P.L.R. 4-5)** |
| March 9, 2018 | **Deadline for Plaintiff to file reply claim construction brief (P.L.R. 4-5)** |
| March 2, 2018 | **Deadline for Defendants to file responsive claim construction brief (P.L.R. 4-5)** |
| February 16, 2018 | **Deadline for Plaintiff to file opening claim construction brief (P.L.R. 4-5)** |
| February 9, 2018 | **Claim construction discovery deadline (P.L.R. 4-4)** |
| February 2, 2018 | **Deadline to file Joint Claim Construction and Prehearing Statement (P.L.R. 4-3)** |
| January 26, 2018 | **Deadline to exchange preliminary claim constructions and extrinsic evidence (P.L.R. 4-2)** |
| January 12, 2018 | **Deadline to exchange proposed terms and claim elements for construction (P.L.R. 4-1)** |
| December 30, 2017 | **Deadline to Supplement Invalidity Contentions.** |
| December 15, 2017 | **Deadline to supplement written discovery.**  All parties are required to supplement written discovery responses served before this case was stayed, as necessary. |
| November 29, 2017 | **Respond to Amended Pleadings.** |
| November 15, 2017 | **Amend Pleadings and Supplement Infringement Contentions**.  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings, regardless of whether the amendment would affect infringement contentions or invalidity contentions. To amend pleadings after the deadline, a Motion for Leave to Amend is required.  Except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6. |
| **5 days** | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

## Other Limitations

(a)   The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:

   (i)   The fact that there are motions for summary judgment or motions to dismiss pending;

   (ii)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (iii)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b)   Amendments to the Docket Control Order ("DCO"):  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the requested changes and that also lists all remaining dates.  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c)   Indefiniteness:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

(d)   Motions *in Limine*:  Each side is limited to one (1) motion *in limine* addressing no more than ten (10) disputed issues.  In addition, the parties may file a joint motion *in limine* addressing any agreed issues.  The Court views motions *in limine* as appropriate for those things that will create a proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction.  Rulings on motions *in limine* do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(e)   Exhibits:  Each side is limited to designating 250 exhibits for trial absent a showing of good cause.  The parties shall use the exhibit list sample form on Judge Schroeder's

       website if trial is set before Judge Schroeder.  The parties shall use the exhibit list sample form on Judge Mitchell's website if trial is set before Judge Mitchell.

(f)    <u>Deposition Designations</u>: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause.  As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause.  All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(g)    <u>Witness Lists</u>: The parties shall use the sample form on Judge Schroeder's website if trial is set before Judge Schroeder.  The parties shall use the sample form on Judge Mitchell's website if trial is set before Judge Mitchell.

### ORDER REGARDING EXHIBITS:

A.    On the first day of trial, each party is required to have:

    (1)    One copy of their respective original exhibits on hand.  Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.

    (2)    Three hard copies of each party's exhibit list and witness list on hand.

    (3)    One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s).  This shall be tendered to the Courtroom Deputy at the beginning of trial.

B.    The parties shall follow the process below to admit exhibits.

    (1) *On the first day of trial*, each party shall tender an "offered" list of exhibits it plans to admit into evidence that day which are NOT objected to, and read that list into the record.  Parties shall entitle the list "[Plaintiff's/Defendant's] Exhibits <u>Offered</u> on [DATE]."  If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness.  The Court will then hear the opposing party's objection and will rule on the objection at that time.

    (2) *On each subsequent day of trial*, parties shall first read into the record any exhibits that were admitted over objection from the previous day.  The parties shall next tender an "offered" list of any additional exhibits NOT objected to that it plans to admit that day, and read that list into the record.  The list shall be entitled "[Plaintiff's/Defendant's] Exhibits <u>Offered</u> on [DATE]."  Finally, the parties shall tender a separate running list of <u>all</u> previously admitted exhibits throughout the course of trial entitled "[Plaintiff's/Defendant's] Exhibits Previously <u>Admitted</u> through [DATE of the most recently completed trial day]."

    (3) *At the conclusion of evidence*, each party shall read any exhibit that was admitted over objection that day into the record and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits."

C.    At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial, whether used or not, and tender those to the Courtroom Deputy, who will

verify the exhibits and tender them to the jury for their deliberations.  One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D.      At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.      Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:

(1)     A Final Exhibit List of Exhibits Admitted During Trial in Word format.

(2)     CD(s) containing admitted unsealed trial exhibits in PDF format.  If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD.  If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.

(3)     A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

So ORDERED and SIGNED this 24th day of October, 2017.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE