**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS** | § | |
| **EQUIPMENT, LLC** | § | |
| | § | **CIVIL ACTION NO. 6:16-cv-00363-KNM** |
| **Plaintiff,** | § | |
| | § | **SEVERED FROM CIVIL ACTION NO.** |
| | § | **6:13-cv-507** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **HTC CORPORATION., ET AL.,** | § | |
| | § | |
| **Defendants** | | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**
**FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC files this Third Amended Complaint against HTC Corporation; HTC America, Inc.; Exedea, Inc.; AT&T Mobility LLC; Cellco Partnership d/b/a Verizon Wireless; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants") for infringement of U.S. Patent No. 7,941,174 ("the '174 patent") and U.S. Patent No. 7,218,923 ("the '8,923 patent").

**THE PARTIES**

1.     Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.     On information and belief, HTC Corporation is incorporated under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

3.     HTC America, Inc. is a Washington corporation with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. This Defendant does business in the State of Texas and in the Eastern District of Texas.  This Defendant has been served with process and has appeared.

4.     Exedea, Inc. (with HTC Corporation and HTC America, Inc., "HTC") was a Texas corporation with its principal place of business at 13920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005. This Defendant does and/or has done business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

5.     AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

6.     Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey. This Defendant

2

does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

7.     Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

8.     Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

9.     Boost Mobile, LLC (with Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

10.     T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington. T-Mobile USA, Inc. maintains a significant presence in Richardson, Texas and offers products and services under the T-Mobile and MetroPCS brands. This Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

11.     T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. T-Mobile US, Inc. maintains a significant presence in Richardson, Texas, and offers products and services under the T-Mobile and MetroPCS brands. This Defendant does business in the State of Texas and in

3

the Eastern District of Texas.  This Defendant has been served with process and has appeared.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

15.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

16.     CCE incorporates paragraphs 1 through 15 herein by reference.

17.     CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174

4

patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '174 patent is attached as Exhibit A.

18.     The '174 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

19.     Defendants HTC, AT&T, and T-Mobile (collectively, the "'174 Defendants") have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, by, among other things, making, using, offering for sale, selling and/or importing HTC mobile devices, including, for example: the HTC 10 aka HTC One M10 aka HTC 10 Lifestyle, HTC Desire 612, HTC Droid DNA, HTC Droid Incredible 4G, HTC One (M7), HTC One (M8), HTC One (M8) Windows, HTC One M9, HTC One Max, HTC One Remix (mini 2), HTC Rezound, HTC Thunderbolt, HTC Windows Phone 8X, HTC Desire 626, HTC Desire 526, HTC Desire 626s, HTC Bolt, HTC One E8, HTC One LTE, HTC 8XT, HTC Desire 510, HTC Evo 4G, HTC One, HTC One (E8), HTC One (M8) Harman Kardon Edition, HTC One A9, HTC One SV LTE, HTC U11, HTC Desire 816, and HTC One M8s, sold or otherwise distributed by or through HTC; the HTC Desire 626s, HTC One X, HTC One LTE, HTC Desire 610, HTC Desire EYE, HTC First, HTC One (M7), HTC One (M8), HTC One (M8) Windows, HTC One M9, HTC One mini, HTC One VX, HTC One X, HTC One X+ (HTC Era 42), HTC Titan II, HTC Vivid, HTC Windows Phone 8X, HTC Jetstream (Puccini), HTC One A9, HTC Desire 626, HTC U11, and HTC U Ultra sold or otherwise distributed by or through AT&T and/or HTC (the "'174 AT&T Mobile Devices"); and the HTC Desire 530,

HTC 10 aka HTC One M10 aka HTC 10 Lifestyle, HTC Desire 626s, HTC One, HTC One (M7), HTC One (M8), HTC One Windows Phone 8X, HTC One M9, HTC Nexus 9, HTC One LTE, HTC U11, HTC One S, HTC U Ultra, HTC Wildfire S, and HTC myTouch 4G sold or otherwise distributed by or through T-Mobile and/or HTC (the "'174 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'174 HTC Devices."

20.     The '174 Defendants directly infringe the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 HTC Devices. The '174 Defendants also directly infringe the '174 patent by making, using, selling, offering to sell, and/or importing the '174 HTC Devices to practice the claimed methods. The '174 Defendants are thereby liable for direct infringement.

21.     Additionally, the '174 Defendants are liable for indirect infringement of the '174 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '174 HTC Devices to practice the claimed methods.

22.     On information and belief, each '174 Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '174 patent at least as early as August 2010, when it was disclosed to 3GPP via ETSI. In the alternative, the '174 Defendants have had knowledge of the '174 patent, at least as early as service of the Original Complaint in *Cellular Communications Equipment LLC v. HTC Corp., et al.,* Civil Action No. 6:13-cv-507.

23.     On information and belief, despite having knowledge of the '174 patent, the '174 Defendants named in this Count have and continue to specifically intend for persons who

acquire and use such devices, including their customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19. The '174 Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '174 HTC Devices — have and continue to actively induce infringement.

24.     The '174 Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://www.htc.com/us/support/, https://support.t-mobile.com/welcome, http://www.att.com/esupport,  and other instructional materials and documentation provided or made available by the '174 Defendants to customers after purchase) that specifically teach or encourage the customers and other end users to use the '174 HTC Devices in an infringing manner. By providing such instructions, the '174 Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

25.     On information and belief, the '174 Defendants named in this Count have known and know that their products accused of infringing include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '174 patent and are not staple articles of commerce suitable for substantial non-infringing use.

26.     Specifically, each of the '174 HTC Devices contain at least a baseband processor which contains functionality that is specifically programmed and/or configured to maintain a transmit power difference as claimed in claims 1, 6, 9, 14, 18, and 19 of the '174

patent.

27.    On information and belief, despite having knowledge of the '174 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '174 patent, the '174 Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, the '174 Defendants' infringing activities relative to the '174 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

28.    On information and belief, HTC and AT&T test, make, use, offer for sale, sell, and/or import the '174 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

29.    On information and belief, HTC and T-Mobile test, make, use, offer for sale, sell, and/or import the '174 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

30.    CCE has been damaged as a result of the '174 Defendants' infringing conduct described in this Count. The '174 Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

31.    CCE incorporates paragraphs 1 through 30 herein by reference.

32.    CCE is the assignee of the '8,923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8,923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '8,923 patent is attached as Exhibit B.

33.    The '8,923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34.    Defendants HTC, AT&T, Verizon, Sprint, and T-Mobile have and continue to directly infringe one or more claims of the '8,923 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 24, 26, and 32, by, among other things, making, using, offering for sale, selling and/or importing HTC mobile devices, including, for example: HTC Desire 816 and HTC One M8s, sold or otherwise distributed by or through HTC; the HTC Desire 626s, HTC One X, HTC One LTE, HTC Desire 610, HTC Desire EYE, HTC First, HTC One (M7), HTC One (M8), HTC One M9, HTC One mini, HTC One VX, HTC One X, HTC One X+ (HTC Era 42), HTC Titan II, HTC Vivid, HTC Jetstream (Puccini), HTC One A9, HTC Desire 626, HTC U11, and HTC U Ultra sold or otherwise distributed by or through AT&T and/or HTC (the "'8,923 AT&T Mobile Devices"); the HTC 10 aka HTC One M10 aka HTC 10 Lifestyle, HTC Desire 612, HTC Droid DNA, HTC Droid Incredible 4G, HTC One (M7), HTC One (M8), HTC One M9, HTC One Max, HTC One

Remix (mini 2), HTC Rezound, HTC Thunderbolt, HTC Desire 626, HTC Desire 526, HTC Desire 626s, and HTC U11 sold or otherwise distributed by or through Verizon and/or HTC (the "'8,923 Verizon Mobile Devices"); the HTC Bolt, HTC 10 aka HTC One M10 aka HTC 10 Lifestyle, HTC Desire 626s, HTC One E8, HTC One LTE, HTC 8XT, HTC Desire 510, HTC Evo 4G, HTC One, HTC One (E8), HTC One (M7), HTC One (M8), HTC One (M8) Harman Kardon Edition, HTC One M9, HTC One Max, HTC One A9, HTC One SV LTE, and HTC U11 sold or otherwise distributed by or through Sprint and/or HTC (the "'8,923 Sprint Mobile Devices"); the HTC Desire 530, HTC 10 aka HTC One M10 aka HTC 10 Lifestyle, HTC Desire 626s, HTC One, HTC One (M7), HTC One (M8), HTC One M9, HTC Nexus 9, HTC One LTE, HTC U11, HTC One S, and HTC U Ultra sold or otherwise distributed by or through T-Mobile and/or HTC (the "'8,923 T-Mobile Mobile Devices"); These devices are collectively referred to as the "'8,923 HTC Devices."

35.	Defendants directly infringe the apparatus claims of the '8,923 patent by making, offering to sell, selling, and/or importing the '8,923 HTC Devices. Defendants are thereby liable for direct infringement.

36.	On information and belief, HTC and AT&T test, make, use, offer for sale, sell, and/or import '8,923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

37.	On information and belief, HTC and Verizon test, make, use, offer for sale, sell, and/or import '8,923 Verizon Mobile Devices described in this Count, pursuant to one or more

10

contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

38.    On information and belief, HTC and Sprint test, make, use, offer for sale, sell, and/or import '8,923 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

39.    On information and belief, HTC and T-Mobile test, make, use, offer for sale, sell, and/or import '8,923 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, HTC and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

40.    On information and belief, Defendants have had knowledge of the '8,923 patent, at least as early as service of the Original Complaint in *Cellular Communications Equipment LLC v. HTC Corp., et al.,* Civil Action No. 6:13-cv-507. Despite having knowledge of the '8,923 patent and knowledge that they are directly infringing one or more claims of the '8,923 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '8,923 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

41.    CCE has been damaged as a result of Defendants' infringing conduct described

in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

42.     CCE incorporates paragraphs 1 through 41 herein by reference.

43.     On information and belief, AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from HTC certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I and II (or some subset thereof). Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint, and/or T-Mobile is asserted jointly and severally with HTC.

44.     The alleged infringements set forth in Counts I and II arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the HTC mobile devices made the subject of Counts I and II.

45.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, HTC mobile devices.

46.     Thus, joinder of HTC, AT&T, Verizon, Sprint, and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a.  Judgment that one or more claims of the '174 and '8,923 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b.  Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.  That Defendants' infringements relative to the '174 and '8,923 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.  That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f.  That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: November 15, 2017**                     Respectfully submitted,

                                        /s/ *Jonathan H. Rastegar*
                                        Jeffrey R. Bragalone (lead attorney)
                                        Texas Bar No. 02855775
                                        Terry A. Saad
                                        Texas Bar No. 24066015
                                        Jonathan H. Rastegar
                                        Texas Bar No. 24064043
                                        Jerry D. Tice, II
                                        Texas Bar No. 24093263

                                        **BRAGALONE CONROY PC**

13

2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
mbond@bcpc-law.com
tsaad@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com

Edward R. Nelson, III
ed@nelbum.com
Texas Bar No. 00797142
Thomas C. Cecil
tom@nelbum.com
Texas Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Claire Abernathy Henry
claire@wsfirm.com
Texas Bar No. 24053063
Thomas John Ward, Jr.
jw@wsfirm.com
Texas Bar No. 00794818
Wesley Hill
wh@wsfirm.com
Texas Bar No. 24032294
Ward, Smith & Hill, PLLC
PO Box 1231
1507 Bill Owens Pkwy
Longview, Texas 75604
Phone: (903) 757-6400
Fax: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 15, 2017.

*/s/ Jonathan H. Rastegar*