# EXHIBIT B

Trials@uspto.gov  Paper 48
571–272–7822  Entered: January 4, 2016

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

HTC CORPORATION, HTC AMERICA, ZTE (USA), INC.,
PANTECH CO., LTD., PANTECH WIRELESS, INC.,
LG ELECTRONICS, INC., and LG ELECTRONICS U.S.A., INC.,
Petitioner,

v.

CELLULAR COMMUNICATIONS EQUIPMENT, LLC,
Patent Owner.

_____

Case IPR2014-01133
Patent 7,218,923 B2

_____

Before JENNIFER S. BISK, GREGG I. ANDERSON, and
ROBERT J. WEINSCHENK, *Administrative Patent Judges*.

WEINSCHENK, *Administrative Patent Judge*.

FINAL WRITTEN DECISION
*35 U.S.C. § 318(a) and 37 C.F.R. § 42.73*

IPR2014-01133
Patent 7,218,923 B2

### B. *Claim Construction*

The claims of an unexpired patent are interpreted using the broadest reasonable interpretation in light of the specification of the patent in which they appear. 37 C.F.R. § 42.100(b); *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1278–79 (Fed. Cir. 2015). We determine that no claim terms require express construction.

### C. *Anticipation of Claims 1, 2, 4, 5, 8, 24, 25, and 31*

Petitioner argues that claims 1, 2, 4, 5, 8, 24, 25, and 31 are anticipated by D'Aviera. Pet. 34. A claim is anticipated if each limitation of the claim is disclosed in a single prior art reference arranged as in the claim. *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008). We have considered the parties' arguments and supporting evidence, and we determine that Petitioner has not shown by a preponderance of the evidence that claims 1, 2, 4, 5, 8, 24, 25, and 31 are anticipated by D'Aviera.

Independent claim 1 recites "sending messages from an application program towards a communication network," "diverting a message of the messages to a controlling entity," and "based on the message, controlling in the controlling entity whether the application program behaves in a predetermined manner." Ex. 1001, col. 9, ll. 10–22. Independent claim 24 recites "an application program configured to send messages towards a communication network," "a diverting unit configured to divert a message of the messages sent from the application program and destined for the communication network to a controlling entity," and "wherein the controlling entity is configured to control, based on the message and before the message is transmitted to the communication network, whether the

7

IPR2014-01133
Patent 7,218,923 B2

application program behaves in a predetermined manner." *Id.* at col. 10, l. 58–col. 11, l. 5.

Petitioner argues that D'Aviera discloses an isolator engine that intercepts a message sent by an application program towards the Internet and then controls whether the intercepted message is sent to the Internet. Pet. 35–36; Ex. 1008, 3:21–29, 6:14–22. Petitioner relies on the isolator engine in D'Aveira as disclosing the diverting and controlling steps in claim 1, and the diverting unit and controlling entity in claim 24. Pet. 35–36, 38–39; Pet. Reply 3–4; Ex. 2020, 24:4–7, 25:23–25. Patent Owner argues that the diverting and controlling steps in claim 1 are performed by separate components, and that the diverting unit and controlling entity in claim 24 are separate components. PO Resp. 32. Patent Owner argues that Petitioner does not show that D'Aviera discloses a separate component for the diverting limitation in the challenged claims. *Id.* We agree with Patent Owner.

The claims of the '923 patent indicate that the diverting and controlling steps in claim 1 are performed by separate components, and that the diverting unit and controlling entity in claim 24 are separate components. Claim 24, for example, recites the diverting unit and the controlling entity separately, and, thus, indicates that those elements are distinct components. Ex. 1001, col. 10, l. 62–col. 11, l. 3; *see Becton, Dickinson & Co. v. Tyco Healthcare Group, LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) ("Where a claim lists elements separately, 'the clear implication of the claim language' is that those elements are 'distinct component[s]' of the patented invention."). Claim 24 also specifies that the diverting unit is configured to divert a message "to" the controlling entity, which further indicates that the

8