IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**HTC CORPORATION, ET AL.,**<br><br>　　　　**Defendants.** | Civil Action No. 6:16-cv-00363-KNM<br><br>**(Consolidated Lead)**<br><br>**JURY TRIAL DEMANDED**<br>**FILED UNDER SEAL** |

**CCE'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF ON CLAIM CONSTRUCTION OR, ALTERNATIVELY, MOTION TO STRIKE**

Throughout the claim construction briefing in this matter, including the Defendants' Joint Claim Construction statement, Defendants *never* cited to any statements that they contended were "disclaimers," or that formed any basis for prosecution history estoppel. Yet, at the Court's March 29, 2018 Markman hearing, Defendants introduced new arguments that were not raised in the briefing. In particular, Slides 11-15 of Defendants' slide deck identified for the first time allegedly disclaiming statements made by CCE during the IPR proceeding.

For example, Defendants via new Slide 11 highlight CCE's use of the phrase "the same thing" in its Preliminary Patent Owner Response to Defendants' IPR, and allege that the following statement by CCE was a disclaimer of components within the same structure: "[b]y pointing to the same thing (trusted entity) for both the controlling and diverting steps, Petitioner is vitiating a claim element, namely, the diverting step." But contrary to Defendants' assertion, this statement merely notes that, in its IPR, Petitioner [i.e., Defendants] were pointing to the "same thing" – the isolator engine of D'Aviera – as purportedly meeting both the controlling and diverting steps. CCE's reference to "the same thing" was not in any sense an argument that the isolator engine of

1

D'Aviera was "structural"; rather, the shortcoming of D'Aviera is that it discloses only one "thing" in the reference, and thus could not possibly disclose the diverting unit separate from the controlling entity. But CCE had no notice of this citation, nor ability to respond to this new evidence at the hearing. Indeed, Defendants never identified this allegedly disclaiming statement in either their claim construction briefing or their P.R. 4-3 disclosures (Dkt. No. 56-2). Defendants make no reference to the "same thing" language anywhere in their response brief (Dkt. No. 64).

Similarly, Defendants' Slide 12 highlights CCE's use of the phrase "the same thing" in its Patent Owner Response to Defendants IPR:



Again, Defendants' briefing contains no discussion regarding this highlighted language, let alone an allegation that these statements constitute a disclaimer.[1] Like Slide 11, the newly-cited highlighted statements do not rise to the level of a "clear and unmistakable" disclaimer of claim

---

[1] Because Defendants never gave CCE any notice of these citations, Defendants' slide deck was forced to rely on "Dkt. No. 62 Ex. A," which was a general exhibit to *CCE's* claim construction brief (but obviously did not disclose the particular statements on which Defendants relied).

2

scope. Yet Defendants' failure to identify these excerpts prior to the Markman hearing left CCE with no ability to prepare to rebut these citations.

Similarly, Slides 13-15 also focus on various statements made during the IPR oral argument. As with Slide 12, Defendants failure to identify these statements forced Defendants to rely on an exhibit to *CCE's* claim construction brief. Despite having every opportunity to do so, Defendants made no effort to identify these statements in their briefing, instead opting to improperly spring them on CCE at the hearing. Through these new citations, such as Slide 14, Defendants apparently now claim that, merely by discussing a diagrammatic "logic box" in the prior art reference, CCE was arguing that the separation must be structural. But CCE's argument that "[s]omething before the controlling entity has to divert the message to the controlling entity. So there has to be a similar type of logical box somewhere between the application program and the isolator" is merely the same separateness argument that CCE made throughout the proceeding; this statement cannot plausibly be considered a reference to "structure," much less a disclaimer of all separate components that do not have a "structural" separation. Yet, again, Defendants' tactics deprived CCE of an opportunity to make these points at the March 29 hearing.

Notwithstanding the fact that Defendants' untimely arguments do not support their construction, they nonetheless prejudiced CCE by depriving the opportunity to provide the Court with the full context of the statements that were highlighted in Slides 11-15. Defendants' decision to raise new arguments at the hearing appears to be a last-ditch effort to salvage a disclaimer argument despite its failure to identify any such statements in their briefing.

Accordingly, CCE requests leave to file a supplemental claim construction brief addressing the allegedly disclaiming statements that Defendants have now identified. Such relief is appropriate and promotes fairness, as "[r]aising such new arguments for the first time at oral

argument undermines the purpose of orderly briefing and risks subjecting an opponent to an unfair disadvantage." *N.C. Alliance for Tramp. Reform, Inc. v. U.S. Dep't of Transp.*, 713 F.Supp.2d 491, 510 (M.D.N.C.2010). Accordingly, CCE respectfully requests leave to file a three-page Supplemental Reply Brief, attached as Exhibit 1, to briefly address and refute the new arguments.

Alternatively, because the statements cited in Slides 11-15 were not discussed in the briefing, the Court may exclude them from evidence and not consider them. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 562 n.2 (5th Cir. 2002) ("We do not generally consider points presented for the first time in a reply brief . . . Needless to say, we do not generally consider points raised for the first time at oral argument."); *LaFata v. Dearborn Heights School Dist. No. 7*, Civil Case No. 13-cv-10755, 2013 WL 6500068, *8 (E.D. Mich. Dec. 11, 2013) ("Generally, courts will not consider theories or arguments raised for the first time at oral argument."). Thus, as alternative relief, CCE requests that the Court strike Slides 11-15 from the record as untimely, and disregard Defendants' oral arguments based on the newly cited excerpts.

Dated: April 2, 2018

Respectfully submitted,

By: /s/*Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Terry A. Saad
Texas Bar No. 24066015
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice, II
Texas Bar No. 24093263

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
mbond@bcpc-law.com

5

tsaad@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com

Edward R. Nelson, III
ed@nelbum.com
Texas Bar No. 00797142
Thomas C. Cecil
tom@nelbum.com
Texas Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

Claire Abernathy Henry
claire@wsfirm.com
Texas Bar No. 24053063
Thomas John Ward, Jr.
jw@wsfirm.com
Texas Bar No. 00794818
Wesley Hill
wh@wsfirm.com
Texas Bar No. 24032294
Ward, Smith & Hill, PLLC
PO Box 1231
1507 Bill Owens Pkwy
Longview, Texas 75604
Phone: (903) 757-6400
Fax: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel complied with Local Rule CV-7(h). On March 29, 2018, counsel for CCE discussed the issues raised in this brief with counsel for Defendants, and proposed that each side agree not to oppose leave to file a supplemental brief to address new statements that Defendants introduced for the first time at the March 29, 2018 oral argument. Early in the morning of March 30, 2018, Defendants responded, via their lead counsel, that they did not agree that new arguments or evidence were presented, and that they opposed CCE's proposed motion for leave to file a supplemental brief. Accordingly, the parties are at an impasse with respect to this issue, thus necessitating the instant Motion.

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 2, 2018

/s/ *Jerry D. Tice, II*
Jerry D. Tice, II