**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, et al., <br><br> Defendants. | Civil Action No. 6:16-cv-00363-KNM <br><br> CONSOLIDATED LEAD CASE |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZTE CORPORATION, et al., <br><br> Defendants. | Civil Action No. 6:16-cv-00375-KNM |

**DEFENDANTS' OPPOSITION TO CCE'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL REPLY BRIEF ON CLAIM CONSTRUCTION OR,
<u>ALTERNATIVELY, MOTION TO STRIKE</u>**

Defendants HTC Corporation, HTC America Inc., ZTE Corporation, ZTE (USA), Inc. and ZTE Solutions, Inc. respectfully oppose Plaintiff Cellular Communications Equipment LLC's ("CCE") Motion for Leave ("Motion"). Dkt. 78.

## I.     ARGUMENT

CCE has already filed two claim construction briefs to Defendants' one. *Compare* Dkt. 62 (CCE's Opening Br.); Dkt. 67 (CCE's Reply Br.); *with* Dtk. 64 (Defendants' Response Br.). It now seeks leave to file a ***third*** brief on the purported basis that it was unfairly prejudiced by "new arguments" at the claim construction hearing. CCE is incorrect.

Defendants did not raise new arguments at the hearing. The parties' dispute has always centered on whether the Federal Circuit's construction of "diverting unit" and "controlling entity" requires structural separation. CCE's Opening Brief repeatedly referenced PTAB briefing and oral argument to contend that it only argued for separate components. *E.g.* Dkt. 62 at 7-8 (citing Ex. A (CCE's PTAB Response) and Ex. C (Oral Argument Tr.)). But as Defendants explained in their Response, "the basis for overcoming the asserted prior art was a ***structural*** separation," Dkt. 64 at 5 (emphasis added), and the Federal Circuit's decision "consistently and repeatedly referred to the 'diverting unit' and 'controlling entity' as 'structures,'" *id.* at 6. "Thus, CCE's success in the IPR proceeding was premised on advancing a narrower interpretation," *id.* at 12, and it must be held to that construction. *See id.* at 11-13. In Reply, CCE contended that "CCE maintains ***the same position here as it did in the IPR proceedings***," and that "CCE argued ***only*** that the requirement that diverting unit divert a message to the controlling entity necessitates that the diverting unity be separate from the controlling entity." Dkt. 67 at 2 (emphases in original). *See also id.* at 5. But CCE's contention is belied by its own briefing and oral argument at the PTAB. *See, e.g.,* Dkt. 62 Ex. A, at 36, 44; Dkt. 62 Ex. C, at 25, 27-28, 29. The local rules and briefing schedule do not provide for a sur-reply, so Defendants merely responded to the Reply's contention at the hearing by highlighting examples of CCE's contrary prior arguments that were already in the record. Slides 11-15 illustrate those examples and are not new argument.

CCE also was not prejudiced by slides 11-15. CCE was fully aware that its claim construction arguments at the PTAB were relevant to how the claims should be construed here. It introduced those arguments as exhibits, relied on portions to support its position, and had the last word in the claim construction briefing. These were CCE's own arguments, presented in CCE's own exhibits; they can hardly be considered "new" or a "surprise." Moreover, CCE was represented at the claim construction hearing by four attorneys, Defendants provided the slides to CCE's counsel before the hearing, and CCE's counsel reviewed them. CCE argued first, Defendants responded, and CCE argued in rebuttal. To the extent CCE believed it needed to explain its arguments that were illustrated on slides 11-15, it had ample opportunity to do so at the hearing in either its opening or rebuttal remarks. No timing issues precluded CCE from making that explanation—the hearing concluded well before the allotted time. In addition, *at no time before, during, or immediately after the hearing did CCE object to the slides or otherwise suggests that Defendants had raised new arguments.* CCE raised that objection for the first time over five hours later by email at approximately 3 p.m. CDT. It then waited four more days before filing this request. Given that the slides merely highlighted CCE's own arguments from materials already in the record, that CCE was fully aware of the dispute, and that CCE's counsel had ample opportunity to respond at the hearing, CCE was not prejudiced. CCE's contrary contention is belied by its failure to object when it could have been easily addressed: at the hearing.

CCE cites *N.C. Alliance for Tramp. Reform, Inc. v. U.S. Dep't of Transp.*, 713 F.Supp.2d 491, 510 (M.D.N.C. 2010). In that case, the Plaintiff raised new arguments not made in the briefing, but the court nevertheless considered and addressed those arguments. *Id.* at 510-512. Here, in contrast, Defendants did not raise new arguments at oral argument, rather they responded to contentions in CCE's Reply by pointing to CCE's contrary statements in materials that were already of record. Accordingly, *N.C. Alliance* is not applicable here.

Because Defendants did not raise new arguments at the hearing, and because CCE was not prejudiced by Defendants' slides 11-15, CCE's motion for leave should be denied.

Dated: April 16, 2018                    Respectfully submitted,

By: */s/ Nicole S. Cunningham*
Steven A. Moore (232114)
steve.moore@pillsburylaw.com
Nicole S. Cunningham (234390)
nicole.cunningham@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
619.234.5000
619.236.1995


Brian C. Nash (TX Bar No. 24051103)
brian.nash@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: (512) 580-9609
Fax: (512) 580-9601

***Counsel for Defendants ZTE (USA) INC., HTC CORPORATION AND HTC AMERICA, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 16, 2018. As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Nicole S. Cunningham*
Nicole S. Cunningham