**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 6:16-cv-00363-KNM<br><br>CONSOLIDATED LEAD CASE |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 6:16-cv-00375-KNM |

**MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF NIGEL JONES CONCERNING DEFENDANTS' ALLEGED STATE OF MIND AND SUBJECTIVE INTENT**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Defendants ZTE Corporation, ZTE (USA) Inc. and ZTE Solutions, Inc. (together, "ZTE") respectfully move to strike or exclude certain opinions the report and testimony of Mr. Nigel Jones concerning indirect infringement of U.S. Patent No. 7,941,174 (the "'174 Patent").  Mr. Jones' opinions must be based on sufficient facts or data, and must be the product of reliable principles and methods reliably applied to the facts of the case, but he lacks any specific qualifying credentials to render an opinion as to Defendants' state of mind or subjective intent. Fed. R. Evid. 702.  Moreover, these opinions invade the province of the jury and seek to supplant their judgment with his own.  These opinions are central to CCE's assertion that ZTE indirectly infringes the '174 Patent and should therefore be stricken or excluded.

Mr. Jones's opinions concerning indirect infringement of the '174 Patent make bald assertions regarding Defendants' state of mind or subjective intent.  Section XI is entitled "'174 Indirect Infringement," in which he opines that ZTE has indirectly infringed the '174 Patent. Stephens Decl., Ex. A, Jones Infringement Rep. § XI.  In Section XI.A.1, Mr. Jones states, "Defendant was aware of the '174 Patent and its infringements" and that "a jury could conclude that Defendant knew, or believed that there was a high likelihood, that implementation of 3GPP specified E-TFC selection and power control by the '174 Accused Devices infringes the '174 Patent."  Jones Infringement Rep. at ¶ 391.  In Section XI.A.3, Mr. Jones states, "Defendant intentionally took action that induced direct infringement by end users of the Accused Devices." *Id.* at ¶ 393.  In Section XI.A.4, Mr. Jones states, "It is my opinion that Defendant was willfully blind to its infringement of the '174 Patent. Despite having knowledge of the '174 patent for some time, Defendant has apparently made no effort to understand either the '174 patent or how the '174 Accused Devices operate." *Id.* at ¶ 395.  Mr. Jones then refers to various alleged facts and infers that ZTE "underst[ood] that the '174 Accused Devices likely infringe." *Id.* at ¶ 395.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Mr. Jones further opines on ZTE's alleged state of mind, "Defendant took deliberate actions to avoid learning of infringement." *Id.* at ¶ 396.

These are legal conclusions for which Mr. Jones lacks any qualifying credentials to make and which substitute his own judgment concerning ZTE's purported awareness and state of mind for the jury's. The jury is perfectly capable of making this assessment for themselves without Mr. Jones's testimony.

I. **Legal Standards for Admissibility.**

Expert opinion testimony "is admissible only if it is both relevant and reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). The trial court must determine admissibility of expert opinion testimony under Federal Rule of Evidence 702 as part of its gatekeeper role described in Rule 104(a). *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993); *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). Specifically, the court must ensure that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

II. **Mr. Jones Lacks Qualifications to Opine as to Legal Conclusions, Defendants' State of Mind or Subjective Intent.**

For expert opinion testimony to be admissible, the proffered expert must have scientific, technical, or other specialized knowledge that will help the trier of fact to understand the

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

evidence or to determine a fact in issue. Fed. R. Evid. 702(a). But Mr. Jones has no specific scientific, technical, or other specialized knowledge that enables him – as opposed to the jury – to opine on Defendants' state of mind and subjective intent.

> Mr. Jones states his qualifications to offer an expert opinion:
>
> I obtained a first class honours degree in engineering from Brunel University, London U.K. I have over thirty years of experience working with embedded systems, of which the baseband processors used in the Accused Devices are examples. I have written software for telecommunications base stations and radios and have multiple patents related to telecommunications. I have also developed applications for mobile devices.

Stephens Decl., Ex. A, Jones Infringement Rep. at ¶ 5. His resume attached to the report advertises that he is "[a]n expert in embedded systems including both software and hardware. Extensive experience in system modeling and analysis. Extensive experience in reverse engineering and secure systems. Excellent communication skills." Stephens Decl., Ex. B, Jones Resume.

Whatever Mr. Jones's qualifying *technical* credentials may be, "[t]here is little evidence in the expert report that [he] has brought any of his expertise to this exercise." *See BASF Corp. v. Johnson Matthey, Inc.*, No. CV 14-1204-RGA, 2018 WL 2729123, at *1 (D. Del. June 6, 2018) (excluding proffered expert witness where there was "nothing in the report that relies upon the Professor's legal expertise other than the things that are ultimately entrusted to the Court . . .no particular expertise in review of purchase orders, invoices, product shipping records, or the like . . . no particular expertise in interpreting what the fact witnesses who have been deposed have said . . . no reliance on anything relevant to the particular industry."). Mr. Jones notably gives no indication that he has specialized industry experience, much less expertise, in assessing a company's awareness of patents and related infringement claims or an accused infringer's subjective intent to allegedly infringe.

3

Yet Mr. Jones purports to offer "expert" opinions that ZTE:

- "*was aware* of the '174 Patent and its infringements." Jones Infringement Rep. at ¶ 391 (all emphasis added).

- that "a jury could conclude that Defendant *knew, or believed* that there was a high likelihood, that implementation of 3GPP specified E-TFC selection and power control by the '174 Accused Devices infringes the '174 Patent." *Id*. at ¶ 391.

- "*intentionally took action* that induced direct infringement by end users of the Accused Devices." *Id*. at ¶ 393.

- "*was willfully blind* to its infringement of the '174 Patent. Despite *having knowledge* of the '174 patent for some time, Defendant has *apparently made no effort to understand* either the '174 patent or how the '174 Accused Devices operate." *Id*. at ¶ 395.

- "*underst[ood]* that the '174 Accused Devices likely infringe." *Id*. at ¶ 395.

Mr. Jones lacks any qualifying credentials to make *these legal conclusions*. "An expert's opinion on the ultimate legal conclusion is neither required nor indeed 'evidence' at all." *Nutrition 21 v. United States*, 930 F.2d 867, 871 n. 2 (Fed. Cir. 1991). As such, his testimony regarding ZTE's alleged indirect infringement of the '174 Patent lacks the foundational predicate for the jury to hear it and should therefore be excluded.

III. **Mr. Jones Offers Legal Conclusions Disguised as Opinions for Which Expert Testimony Is Neither Proper, Nor Helpful**

Mr. Jones's opinions concerning Defendants' alleged state of mind and subjective intent are neither helpful, nor necessary for the jury to resolve the ultimate question of induced infringement. The Supreme Court has recently "held that, in an action for induced infringement,

it is necessary for the plaintiff to show that the alleged inducer knew of the patent in question and knew the induced acts were infringing." *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S.Ct. 1920, 1925 (2015). Thus, ZTE's alleged state of mind and subjective intent are central questions in this analysis.

Yet Courts have repeatedly held that opinions concerning intent or state of mind are not helpful or reliable expert opinion testimony suitable for the jury to consider. *See Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-CV-157, 2010 WL 11531436, at *5-6 (E.D. Tex. June 18, 2010) ("the question of intent is a classic jury question and not one for the experts . . . Dr. House's testimony has no basis in his body of expertise and describes 'lay matters which a jury is capable of understanding and deciding without the expert's help.' . . . [Plaintiff] provides no basis to support Dr. House's opinions regarding Abbott's beliefs, intent, or knowledge"); *SynQor, Inc. v. Artesyn Technologies, Inc.*, No. 2:07–CV–497–TJW–CE, 2010 WL 8368076 (E.D. Tex. Dec. 13, 2010) ("Dr. Leeb may not testify on Defendants' subjective intent or knowledge as it relates to the allegations of inducement and copying. For example, Dr. Leeb may not opine that the Defendants 'know' or 'induce' third parties to commit infringement."); *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (2007) ("Plaintiff's counsel represented at the hearing on this matter that Mr. Dry would not testify directly as to Defendant's subjective intent. Based on this representation, the Court finds that Mr. Dry's testimony on willfulness will not invade the province of the jury."); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F.Supp.2d 431, 443 (D. Del. 2004) ("She will not, however, be permitted to testify as to the legal standard for willfulness. Nor will she be permitted to testify as to whether Mergen's behavior met the standard of reasonableness . . . or regarding Mergen's intent, motive, or state of mind, or evidence by which such state of mind may be inferred."). Moreover, "questions which would

merely allow the witness to tell the jury what result to reach are not permitted. '[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Spreadsheet Automation*, 587 F. Supp. 2d at 803 (quoting *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)) (internal citations omitted).

Like experts who have been excluded, Mr. Jones "relies on deposition testimony and various documents to conclude" ZTE was allegedly aware of the '174 Patent and intended for others to infringe it without applying any particular technical expertise to this analysis. *BASF Corp.*, 2018 WL 2729123, at *1. "[A]ny reasonably literate English-speaker could apply the legal principles to the factual record on the relevant . . . issues. As the Advisory Committee Notes to Rule 702 stated in 1972: 'There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Id.* (quoting Fed. R. Evid. 702, Advisory Comm. Notes).

The jury is perfectly capable of making this assessment for themselves and does not need Mr. Jones's testimony. Because his opinions on ZTE's alleged state of mind and subjective intent are not helpful to the jury, they are not admissible.

IV. **Conclusion**

For the foregoing reasons, ZTE respectfully requests the Court exclude Mr. Jones's opinions regarding indirect infringement of the '174 Patent to the extent they concern Defendants' state of mind or subjective intent, and, in particular, his opinions stated in Section XI, paragraphs 390-391, 393, 396-397.

Dated: June 8, 2018        Respectfully submitted,
                              PILLSBURY WINTHROP SHAW PITTMAN LLP

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

By: */s/Nicole S. Cunningham*
Nicole S. Cunningham
California Bar No. 234390
nicole.cunningham@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
501 West Broadway, Suite 1100
San Diego CA  92101
Phone:  (619) 544-3123
Fax:  (619) 236-1995
*Attorneys for Defendants ZTE Corporation, ZTE (USA) Inc. and ZTE Solutions, Inc.*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on June 8, 2018, and a copy of this sealed documents, in its entirety, via electronic mail.

/s/ *Nicole S. Cunningham*
Nicole S. Cunningham

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Nicole S. Cunningham*
Nicole S. Cunningham

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for ZTE has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on June 7, 2018 via telephonic conference. No agreement could be reached because the parties could not agree to the relief requested. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ *Nicole S. Cunningham*
Nicole S. Cunningham