IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC | § § § | |
| v. | § | CIVIL NO. 6:16-CV-363-KNM |
| | § § | |
| HTC CORPORATION, et al. | § | |

## ORDER

Before the Court is Plaintiff Cellular Communications Equipment LLC's ("CCE") Motion to Exclude the Declaration of Qin Wang (Doc. No. 104). The Court held a hearing on this Motion on July 18, 2018. Plaintiff's Motion to Exclude the Declaration of Qin Wang is **GRANTED.**

## BACKGROUND

Plaintiff alleges that ZTE Corporation, ZTE (USA) Inc., and ZTE Solutions, Inc. infringe the two asserted patents, United States Patent Nos. 7,941,174 ("the '174 Patent") and 7,218,923 ("the '8,923 Patent") (collectively, the "patents-in-suit").

Defendant identified five witnesses knowledgeable about ZTE's business, licensing, and marketing in the United States in its most recent amended initial disclosures: Gao Mingang, Dai Xiang, Liu Weilong, Tian Dao, and Waiman Lam. Doc. No. 104-2. Defendant designated Dao and Lam to be knowledgeable of ZTE's business and licensing, and specifically designated Lam to be knowledgeable about the "marketing of devices sold in the United States by ZTE." *Id.*

In ZTE Corporation's ("ZTE" or "Defendant") Motion for Summary Judgment of Non-Infringement ("MSJ"), it uses the declaration of Qin Wang to discuss its U.S. activities. Doc. No. 90-2.

## APPLICABLE LAW

**Motion to Exclude**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to provide, without awaiting a discovery request:

> "the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

A party may not use on a motion, at a hearing, or at trial, information it failed to timely disclose under Rule 26 unless such failure to disclose is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

When considering a Rule 37(c)(1) harmless error analysis, the Fifth Circuit weighs four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563-64 (5th Cir. 2004).

## DISCUSSION

Plaintiff seeks to exclude Wang's declaration for ZTE's failure to timely disclose Wang under Federal Rules of Civil Procedure 26(a) and 26(e). Doc. No. 104 at 1. Plaintiff notes that Defendant has yet to disclose Wang as a witness at all. *Id.*

Plaintiff asserts that by filing Wang's declaration, Defendant concedes that Wang possesses discoverable information and should have been disclosed pursuant to Rule 26. *Id.* at 3. Plaintiff argues: (1) Wang's declaration contains important information; (2) Wang's declaration is

prejudicial to Plaintiff; (2) the resulting prejudice cannot be cured with a continuance; and (4) the non-disclosure is not justified.

Defendant argues that Wang's declaration merely sets forth background information regarding ZTE and did not need to be disclosed under Rule 26. Doc. No. 118 at 1. Defendant alternatively argues that its failure to disclose Wang's declaration is harmless because her declaration provides background information and should not be excluded under Rule 37. *Id.*

Here, Defendant was bound by Rule 26 to disclose Wang. Defendant's preparation and submission of Wang's declaration for its MSJ shows that it believes she possesses discoverable information. *See* Doc. No. 91-2. Defendant's failure to disclose is not harmless under the *Primrose* factors, and thus supports exclusion of Wang's declaration.

**(1) The importance of the evidence**

Wang's declaration is important because Defendant cites only Wang's declaration to support its "Statement of Undisputed Material Facts" in the MSJ. *See* Doc. No. 90. Wang's declaration is the only indisputable evidence regarding importation of the products by ZTE Corporation, which is the key dispute in the MSJ.

Defendant's argument that the information contained is merely background information about ZTE Corporation's U.S. activities is undercut by their preparation and submission of Wang's declaration. If Defendant sincerely believed that it "would be equally entitled to summary judgement if [it] had simply identified these facts in its [MSJ without Wang's declaration]," Defendant would not have taken the time and resources to prepare a declaration. Doc. No. 118 at 1.

**(2) The prejudice to the opposing party of including the evidence**

Defendant waited until after the close of fact discovery to submit Wang's declaration, and thus Plaintiff is unable to test the veracity of the statements in Wang's declaration. Plaintiff's prejudice is compounded by the fact that Wang's declaration is the only evidence Defendant relies on to support its "Undisputed Material Facts" section in the MSJ, which forced Plaintiff to respond to the MSJ without an opportunity to depose Wang.

**(3) The possibility of curing such prejudice by granting a continuance**

This case has been pending since 2013. A continuance at this point in the litigation, would further delay resolution of the case and reward Defendant for its failure to comply with Rule 26.

**(4) The explanation for the party's failure to disclose**

Defendant has provided no justification for its failure to disclose. Wang's declaration states that she is "currently Senior IP Counsel at ZTE Corporation" and that she has "personal knowledge of the facts and circumstances set forth in [the] declaration." Doc. No. 91-2. Defendant has not provided an explanation of how or when Wang gained the knowledge contained in her declaration.

Moreover, there is no justification for Wang's non-disclosure because Defendant designated two other witnesses—Dao and Lam—as knowledgeable regarding the subject matter contained within Wang's declaration.

## CONCLUSION

All of the *Primrose* factors warrant the exclusion of Wang's declaration. Accordingly, the Court **GRANTS** Plaintiff's Motion to Exclude the Declaration of Qin Wang (Doc. No. 104).

So ORDERED and SIGNED this 9th day of August, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE