# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**HTC CORPORATION, ET AL.,**<br><br>       **Defendants.** | **Civil Action No. 6:16-cv-00363-KNM**<br><br>**(Consolidated Lead)**<br><br>**JURY TRIAL DEMANDED** |

## CCE'S SUPPLEMENTAL REPLY BRIEF ON CLAIM CONSTRUCTION

In its response brief (Dkt. No. 157), ZTE argues for the first time that the applicant disclaimed the full scope of the phrase "control … whether the application program behaves in a predetermined manner," during prosecution of U.S. Patent No. 7,218,923 ("the '8,923 Patent").

The intrinsic evidence overwhelmingly demonstrates that there was no disclaimer during prosecution. Disclaimer requires a "clear and unmistakable" intention to abandon the claim scope. *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1302 (Fed. Cir. 2013). ZTE cannot meet this burden. Indeed, the fact that ZTE did not allege this disclaimer argument during any of the three prior claim construction proceedings underscores the weakness of its disclaimer claim.

## A.     The applicant's statements during prosecution expressly state that modifying or deleting a message constitutes control of an application.

ZTE contends that in order to overcome a rejection based on the Quine reference, the applicant disclaimed that modifying or deleting messages constitutes control. ZTE is wrong.

ZTE's summary conveniently omits claims 3 and 4. In the same Office Action Response in which ZTE alleges that the applicant disclaimed message modification as a form of control, the applicant amended the claims to state that "controlling <u>comprises</u> modifying the message":

> 3. (Currently Amended) A method according to claim 2, wherein the controlling ~~step includes a step of~~ <u>comprises</u> modifying the message diverted to the controlling entity.

Dkt. No. 157-3 at 3. This claim amendment conclusively demonstrates that modifying the message constitutes control of whether the application program behaves in a predetermined manner. This amendment to claim 3 refutes ZTE's claim that the applicant relied "on the difference between control over application behavior and the mere modification of an application's messages." Dkt. No. 157 at 6. Moreover, the amendment shows that there could not have been any "clear and unmistakable" intention to abandon the modification of a message as a form of controlling whether

1

an application behaves in a predetermined manner. Disclaimer? Far from it. In fact, the applicant actually reiterates that modifying the message is a form of control of the application.

Similarly, ZTE's disclaimer argument is also at odds with claim 4 of the '8,923 Patent, which states that "the controlling comprises preventing the message diverted to the controlling entity from being transmitted to the communication network." Dkt. No. 153-2. Again, prohibiting transmission of the message is explicitly claimed as a form of control over whether the application behaves in a predetermined manner. The applicant consistently maintained that allowing, modifying, or prohibiting a message constituted control over whether the application behaves in a predetermined manner. *See, e.g., id.* at Abstract; 1:63-2:1; 4:61-5:4; 6:33-41; Dkt. No. 157-3 at 3.

Further, the applicant distinguished Quine by stating that "Quine focuses on checking the address and ***proposing*** alternatives to assist the user in correcting the email address to be used." Dkt. No. 157-3 at 17 (emphasis added). The most obvious (and most reasonable) interpretation is that the applicant was drawing a distinction between *proposing* a change versus actually modifying a message. Another reasonable interpretation of the applicant's full statement, when placed in context, is that the applicant was distinguishing Quine based on the fact that it does not disclose a controlling entity that is separate from the diverting unit.  Thus, even assuming, *arguendo*, that ZTE's interpretation is a reasonable one, there are clearly multiple reasonable interpretations of the distinction drawn by the applicant. "[W]hen a prosecution argument is subject to more than one reasonable interpretation, it cannot rise to the level of a clear and unmistakable disclaimer." *Abstrax, Inc. v. Hewlett-Packard Co.*, 2:14-CV-158-JRG, 2015 WL 156555, at *11 (E.D. Tex. Jan. 12, 2015) (quoting *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1287 (Fed. Cir. 2005)). Here, because multiple reasonable interpretations exist, the applicant's statement during prosecution cannot constitute a clear and unmistakable disclaimer.

**B.      The specification states that control over the disposition of the message constitutes control over whether the application behaves in a predetermined manner.**

To bolster its disclaimer argument, ZTE's alleges that "the specification distinguishes between control over the message and control over the application's behavior." Again, ZTE mischaracterizes the specification. Dkt. No. 157 at 2. Importantly, the specification excerpt relied on by ZTE discusses only what the controlling entity *evaluates*, not how it implements control:

> The controlling entity **evaluates** whether any changes are needed in the message or in the behavior of the application.

'8,923 Patent at 1:63-65 (emphasis added). ZTE omitted the next two sentences of the specification, which describe *how the controlling entity implements control* based on the evaluation:

> Based on the evaluation, the control[ling] entity then **returns the message intact or in a modified form**. The controlling entity **may even prohibit the sending of the message**, if it detects that the application has no pertinent rights or that the application is not behaving, as it should.

'8,923 Patent at 1:65-2:3 (emphasis added). Thus, contrary to ZTE's suggestions, the specification expressly contemplates allowing, modifying, or prohibiting the sending of a message as a form of control. Thus, contrary to the argument that ZTE offers to bolster its disclaimer argument, the specification does *not* make an "either/or" distinction between changes in the message versus changes in the application's behavior. In contrast, ZTE's suggestion that it was relying on the "plain and ordinary meaning" is belied by its own disclaimer argument. It is black-letter law that, if disclaimer exists, it "*narrows* the ordinary meaning of the claim." *Omega Eng'g, Inc., v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) (emphasis added).

Accordingly, the Court should reject ZTE's belated position that there was a "disclaimer" and construe "control … whether the application program behaves in a predetermined manner" as "allow, modify, or prohibit a requested behavior from the application program."

Dated: August 9, 2018                     Respectfully submitted,

                                          By: */s/ Jeffrey R. Bragalone*
                                          Jeffrey R. Bragalone (lead attorney)
                                          Texas Bar No. 02855775
                                          Terry A. Saad
                                          Texas Bar No. 24066015
                                          Jonathan H. Rastegar
                                          Texas Bar No. 24064043
                                          Jerry D. Tice, II
                                          Texas Bar No. 24093263

                                          **BRAGALONE CONROY PC**
                                          2200 Ross Avenue
                                          Suite 4500W
                                          Dallas, TX 75201
                                          Tel: (214) 785-6670
                                          Fax: (214) 785-6680
                                          jbragalone@bcpc-law.com
                                          mbond@bcpc-law.com
                                          tsaad@bcpc-law.com
                                          jrastegar@bcpc-law.com
                                          jtice@bcpc-law.com

                                          Edward R. Nelson, III
                                          ed@nelbum.com
                                          Texas Bar No. 00797142
                                          Thomas C. Cecil
                                          tom@nelbum.com
                                          Texas Bar No. 24069489
                                          NELSON BUMGARDNER, P.C.
                                          3131 West 7th Street, Suite 300
                                          Fort Worth, Texas 76107
                                          Phone: (817) 377-9111
                                          Fax: (817) 377-3485

                                          Claire Abernathy Henry
                                          claire@wsfirm.com
                                          Texas Bar No. 24053063
                                          Thomas John Ward, Jr.
                                          jw@wsfirm.com
                                          Texas Bar No. 00794818
                                          Wesley Hill
                                          wh@wsfirm.com
                                          Texas Bar No. 24032294

4

Ward, Smith & Hill, PLLC
PO Box 1231
1507 Bill Owens Pkwy
Longview, Texas 75604
Phone: (903) 757-6400
Fax: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 9, 2018.

<u>*/s/ Jonathan H. Rastegar*</u>
Jonathan H. Rastegar

5