# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC §<br>§<br>§<br>v. §<br>§<br>HTC CORPORATION, et al. § | CIVIL NO. 6:16-CV-363-KNM |

## ORDER

Before the Court is Defendant ZTE Corporation's Motion for Summary Judgment of Non-Infringement (Doc. No. 91). The Court held a hearing on this Motion on July 18, 2018. Defendant's Motion for Summary Judgment of Non-Infringement is **GRANTED-IN-PART.**

## BACKGROUND

Plaintiff Cellular Communications Equipment LLC ("CCE") alleges that ZTE Corporation ("ZTE") infringes the two asserted patents, United States Patent Nos. 7,941,174 ("the '174 Patent") and 7,218,923 ("the '8,923 Patent") (collectively, the "patents-in-suit").

ZTE is a Chinese company organized under the laws of China, with its principal place of business in Guangdong, China.[1] Doc. No. 91 at 3. ZTE (USA) is a wholly-owned subsidiary of ZTE. Doc. No. 109 at 2.

## APPLICABLE LAW

**Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates that there is no genuine dispute of material fact and that it is entitled to

---

[1] ZTE only cites Wang's declaration for its Statement of Undisputed Material Facts. Doc. No. 91. While the Court granted Plaintiff's Motion to Exclude the Declaration of Qin Wang. (Doc. No. 159), the Court will still consider the Motion with ZTE's Statement of Undisputed Material Facts.

judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id*.

## DISCUSSION

ZTE seeks summary judgment that it does not: (1) directly infringe the patents-in-suit; (2) contributorily infringe the '8,923 Patent; and (3) actively induce infringement of the '8,923 Patent. Doc. No. 91 at 3.

As a threshold matter, Plaintiff responds that it "does not contend that ZTE Corp. contributorily infringes the '8,923 Patent." Doc. No. 109 at 1 n.3. Thus, the Court **GRANTS** summary judgment with respect to Plaintiff's contributory infringement claim.

### 1. Direct Infringement

ZTE notes that liability for direct patent infringement under 35 U.S.C. § 271(a) requires an alleged infringer to "make, use, offer to sell or sell any patented invention within the United States or import into the United States any patented invention during the term of the patent." ZTE argues that there is no evidence that ZTE made, used, offered to sell, or sold the Accused Products in the United States and is thus entitled to summary judgment for direct infringement. Doc. No. 91 at 1.

ZTE claims that "CCE has failed to come forward with any evidence showing that ZTE Corporation has or does manufacture or otherwise make[s] any of the Accused Products in the United States." Doc. No. 91 at 5.

Plaintiff points to the testimony of ZTE's corporate representative, Waiman Lam, to show that ZTE imports the accused devices into the U.S. Doc. No. 109 at 3. ZTE specifically designated Lam to be knowledgeable about the "marketing of devices sold in the United States by ZTE." Doc. No. 104-2.

During his 30(b)(6) deposition, Lam stated that "ZTE takes delivery from ZTE Corp., once it gets to the U.S." Doc. No. 109-2 at 178:11-12. Plaintiff argues that Lam's testimony creates a genuine issue of material fact with respect to ZTE's infringing activities in the U.S. Doc. No. 109 at 4.

ZTE argues that Lam's testimony immediately following his statement indicates that he did not know whether the purchase took place before or after importation, and thus Plaintiff has no evidence that ZTE engaged in any infringing activity in the U.S. Doc. No. 126 at 1.

Here, Lam's testimony creates a genuine issue of material fact. Lam's statement that "ZTE takes delivery from ZTE Corp., once it gets to the U.S." indicates that ZTE imports the accused devices into the U.S. Doc. No. 109-2 at 178:11-12. Defendant's reliance on Lam's lack of knowledge as to whether the purchase took place before or after ZTE USA's purchase of the devices does not negate the fact issue created by Lam's testimony. Defendant cannot point to its own corporate representative's lack of knowledge, on a topic in which he was designated to speak as evidence that ZTE does not import the accused devices into the U.S.

Because Plaintiff has raised a genuine issue of material fact with respect to ZTE's infringing U.S. activities, Defendant's Motion for Summary Judgment with respect to Plaintiff's direct infringement claims is **DENIED**.

## 2. Induced Infringement

ZTE argues that there is no evidence that ZTE had pre-suit knowledge of the '8,923 Patent or pre-suit awareness of potential infringement and thus no evidence to establish inducement under 35 U.S.C. § 271(b). Doc. No. 91 at 7. ZTE also notes that Plaintiff's infringement expert, Nigel Jones, does not offer an opinion that ZTE induces infringement of the '8,923 Patent.

Plaintiff argues that inducement does not require pre-suit knowledge, and only requires: "(1) evidence of direct infringement and (2) that 'the defendant, with knowledge of the patent, actively and knowingly aided and abetted such direct infringement.'" Doc. No. 109 at 4. (*quoting Meyer Intellectual Props. v. Bodum,* 690 F.3d 1354, 1366 (Fed. Cir. 2012)). Plaintiff cites *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.* to show that the "complaint [is sufficient] to show knowledge of the patents in suit."170 F. Supp. 3d 928, 937 (E.D. Tex. 2016) (Bryson, J.)

Plaintiff contends that ZTE "does not base its motion on any purported failure by CCE to provide evidence for direct infringement . . . [thus], the issue before the Court is whether Defendant

knowingly aided and abetted such direct infringement." Doc. No. 109 at 4. Plaintiff notes that Defendant's corporate representative, Wiaman Lam, testified that ZTE USA, a wholly owned subsidiary, exists to enable the sales between ZTE and the US carriers. Doc. No. 109-2 at 133:14-20.

Plaintiff also points to the Lam's testimony that discusses the relationship between ZTE and ZTE USA. Lam stated that "[ZTE USA] work[s] with Corp, and I believe Corp does most of the testings. But at some point, I think those devices have to enter the carrier's lab. And there may be some folks from both ZTE USA and ZTE Corp that's working with the carriers." Doc. No. 109-2 at 32:9-13.

Plaintiff also notes that ZTE's corporate representatives—Minggang Gao and Dai Xiang—consistently refer to the U.S. carriers as their customers. Doc. No. 109-5 at 29:6-33:22-24; 51:23-52:4 and Doc. No. 109-4 at 29:6-8. Plaintiff contends that Lam's testimony indicates that ZTE "gives feedback" on the proposals that ZTE USA delivers to the carriers, which indicates that ZTE was aware of and assists in ZTE USA's sale of the accused devices to the carriers. Doc. No. 109 at 6.

Here, Plaintiff has raised genuine issues of material fact with respect to inducement. Inducement requires: (1) knowledge of the patent and (2) knowledge that the induced acts constitute infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 766 (2011); *Meyer Intellectual Props.,* 690 F.3d at 1366.

Since pre-suit knowledge is not a prerequisite for inducement, the complaint provided ZTE with notice of the patent and that the sale of the accused devices infringed the '8,923 Patent. *See Script. Sec. Sols.,* 170 F. Supp. 3d at 937.

Plaintiff has pointed to evidence that ZTE created ZTE USA to sell products to U.S. carriers and refers to the U.S. carriers as their customers. Doc. No. 109-2 at 133:14-20; Doc. No. 109-5 at 29:6-33:22-24, 51:23-52:4; and Doc. No. 109-4 at 29:6-8. Plaintiff has also provided evidence that ZTE was aware of ZTE USA's sales of the accused products to the U.S. carriers.

When viewed in the light most favorable to the non-moving party, Plaintiff's evidence is sufficient to create a reasonable inference of specific intent and thus raises a genuine issue of material fact with respect to inducement. Thus, ZTE's Motion for Summary Judgment with respect to induced infringement is **DENIED**.

## CONCLUSION

Plaintiff has raised genuine issues of material fact with respect to its direct infringement and induced infringement claims. However, Plaintiff has stated that it no longer has a contributory infringement claim against ZTE. Thus, the Court **GRANTS-IN-PART** Defendant's Motion for Summary Judgment of Non-Infringement (Doc. No. 91).

The Court **GRANTS** ZTE Corporation's motion for summary judgment with respect to Plaintiff's contributory infringement claim for the '8,923 Patent.

The Court **DENIES** ZTE Corporation's motion for summary judgment with respect to Plaintiff's direct infringement and induced infringement claims.

So ORDERED and SIGNED this 10th day of August, 2018.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE